UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                    CASE NO.: 5:21-MJ-1036-PRL

KELLY MEGGS
    Defendant.
_____/    FLORIDA BAR NO.: 0983675

## DEFENDANT'S AMENDED REQUEST FOR PRETRIAL RELEASE

COMES NOW the defendant, KELLY MEGGS, by and through his undersigned attorney and files this Amended Request for Pretrial Release and as grounds in support of this request states:

1. Mr. Meggs is charged by a criminal complaint with several offenses related to crimes allegedly committed at the U.S. Capitol in Washington, D.C, on Wednesday, Jan. 6, 2021. These offenses include conspiracy against the United States government in violation of Title 18 U.S.C. § 371; Destruction of Government Property in violation of Title 18 U.S.C. § 1361; Obstruction of an Official Proceeding in violation of Title 18 U.S.C. § 1512(c)(2) and Restricted Building or Grounds Access in

contravention of Title 18 U.S.C. § 1752(a)(1) and (2). (*see* Criminal Complaint).

2. While the charges against Mr. Meggs are pending on the United States District Court in the District of Columbia, Mr. Meggs was taken into custody in the Middle District of Florida, which is the federal judicial district in which he resides.

3. Mr. Johnson is a fifty-two-year-old resident of Marion County having resided in the City of Dunellon for at least the past twelve years.

4. The home in which he lives is owned by both himself and his spouse and is one in which he has significant financial equity. It should be noted that Mr. Meggs' spouse is also named as a defendant in the instant criminal complaint.

5. Mr. Meggs is employed in a senior leadership position by one of the largest, privately held automotive dealer groups in the nation, a position he has held for the past eleven years.

6. Mr. Meggs has no other pending criminal cases in any jurisdiction and his criminal history reflects one misdemeanor arrest in 2006 which resulted in a dismissal of the charge against him.

7. For the Court's consideration, Mr. Meggs would point out the following:

   a. *Property and financial ties.* Mr. Meggs owns his own residence in which he has a significant financial investment and in which he has lived for a significant period of time. Prior to living in Dunnellon Mr. Meggs was a resident of Ocala. Mr. Meggs has two adult children who reside in Marion County and likewise has two minor grandchildren who reside with and are dependent on him. His daughter lives in a home on his property and his son is a student at a Florida university, the tuition for which is paid by Mr. Meggs. He therefore demonstrably has significant property, financial and familial ties to this community.

   b. *Lack of substance abuse history.* Mr. Meggs has no history of substance abuse absent the use of cannabis to help him sleep. He is the holder of a validly issued medical marijuana card.

   c. *Prior criminal history.* Based on information and belief, Mr. Meggs' only prior criminal history is one 2006 misdemeanor arrest in Florida that ultimately resulted in the charge having

been dismissed.

d. *Firearms.* The undesigned as verified are no firearms present in Mr. Meggs' residence.

8. Accordingly, should the government present Mr. Meggs as a risk of flight, the case as to such a position falls well short of the preponderance standard of proof.

9. It is anticipated that the government in seeking pretrial detention will allege Mr. Meggs to be a danger to the community. the community if granted bail. For the reasons articulated above, the inference that he poses such a risk is clearly not supported by clear and convincing evidence, much less so that than even the preponderance burden of proof. ,

## CONCLUSION

Based on the above facts and subsequent legal analysis, Mr. Johnson respectfully requests this court grant his request for pre-trial release and impose upon him any combination of conditions sufficient to satisfy the court that any perceived risk of flight he may pose is nominal and any danger to the community merely theoretical and not supported

by clear and convincing evidence.

## **MEMORANDUM OF LAW**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739 (1987).

The federal bail reform provisions, found in 18 U.S.C. § 3142 of the Bail Reform Act, (the "Act") provide the court with four options for setting bail matters before it. These options are:

(1) release the defendant on personal recognizance or unsecured bond;
(2) release the defendant on conditions;
(3) temporarily detain the defendant to permit revocation of conditional release, deportation or exclusion; or
(4) detain the defendant.

Section 3142(g) of the Act sets forth the factors the judicial officer shall take into account in making the determination whether to release a person charged with an offense:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence;

(3) the history and characteristics of the person including:

(a) the defendant's character;

  (b) physical and mental condition;
  (c) family ties;
  (d) employment;
  (e) financial resources;
  (f) length of residence in the community;
  (g) community ties;
  (h) past conduct;
  (i) history relating to drug or alcohol abuse;
  (j) criminal history;
  (k) record of appearance at court proceedings;
  (l) whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and
  (m) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Title 18 U.S.C. § 3142(b) mandates pretrial release ("shall order the pretrial release") on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The Act emphasizes release on personal recognizance or an unsecured appearance bond; however, the court may also consider whether ensuring the safety of the community warrants detention. *See United States v. Williams*, 753 F.2d 329 (4th Cir. 1985); *United States v. Harris*, 732 F. Supp. 1027 (N.D. Cal. 1990).

An accused's ties to the community is one of the indicia that courts

look to in evaluating the flight risk of a defendant. *See* 18 U.S.C. § 3142(g)(3)(A). He is a long-time resident of Marion County with significant familial and financial ties. He likewise possesses the resources to appear as required in the judicial district in which he is charged. While Mr. Meggs has traveled outside of the United States as a cruise passenger, he stands ready to surrender his passport and agree to not apply for a replacement during the pendency of this action. Accordingly, he poses not even a modicum of risk of flight.

The weight of the evidence against the accused is another factor to be considered at the detention hearing, *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), but it is the least significant factor, *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). In the words of one district court judge, to presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987).

It should be noted that, despite the charges in the criminal complaint, the affidavit reflects nothing more than the mere presence of an individual similar in appearance to Mr. Meggs depicted in

photographs published in a newspaper article. Accordingly, the court is urged to give any representation as to the strength of the government's case the simple acknowledgement of being just that; a representation.

The prosecution bears the ultimate burden of establishing that no series of conditions is sufficient to negate the risk of the accused's flight or dangerousness—by a preponderance of the evidence in the case of flight and by clear and convincing evidence in the case of dangerousness. *United States v. English,* 929 F.3d 311, 319 (2d Cir. 2011); *see also Stone*, 608 F.3d at 946; *United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing, United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)); *United States v. Rodriguez*, 147 F. Supp. 3d 1278, 1286 (D. N.Mex. 2015); *United States v. Guerra-Hernandez*, 88 F. Supp. 3d 25, 26 (D.P.R. 2015).

Clear and convincing evidence means proof that the particular defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991). Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right

to liberty. *Ploof*, 851 F.2d 7. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988). Mr. Meggs' has a negligible prior criminal history and there is zero proof that he has engaged in any criminal activity after June 6th, 2021.

The statute requires that a defendant be detained only if she or he represents a *serious* risk of flight. That is a substantial burden for the government to meet. *See United States v. Giordana,* 370 F. Supp. 2d 1256 (S.D. Fla. 2005) (serious *charges* do not necessarily equal serious flight risk). In the case of Mr. Meggs, there is zero risk of non-appearance.

If the court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. § 3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990)*; United*

*States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id.* Imposition of conditions of release must be supported by reasons why they are necessary to reasonably assure appearance or safety. *United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986).

Based on information received, is anticipated that the government may rely on the detention of other individuals facing charges from the January 6th incident as justification for the detention of Mr. Meggs. Should this be the case, the undersigned would point to the fact that at least thirty-two individuals, including seven arrested in the Middle District of Florida, charged with January 6th offenses have been released on bail. These individuals are identified as:

    1. <u>Josiah Colt:</u> who is charged with Obstruction; Aiding and Abetting; Entering and Remaining in a Restricted Building; Disorderly and Disruptive Conduct in a Restricted Building; Violent Entry and Disorderly Conduct in a Capitol Building. Mr. Colt is shown in a widely disseminated photograph hanging from a wall inside the Capitol;

    2. <u>Adam Johnson:</u> charged with One count of knowingly entering or remaining in any restricted building or grounds without lawful authority; one count of theft of government property; and one count

of violent entry and disorderly conduct on Capitol grounds. Mr. Johnson had his initial appearance and was ordered released in the Middle District of Florida. He is the subject of a widely distributed photograph depicting him walking through the Capitol carrying the lectern of House Speaker Pelosi.;

3. <u>Joshua Pruitt:</u> Civil Disorder; Obstruction of an Official Proceeding; Aiding and Abetting; Destruction of Government Property; Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; Acts of Physical Violence in the Capitol Building;

4. <u>Mark Leffingwell:</u> Knowingly entering or remaining in any restricted buildings or grounds without lawful authority, **assault on a federal officer**; and violent entry and disorderly conduct on Capitol grounds;

5. <u>Nick Ochs:</u> Conspiracy; Obstruction of an Official Proceeding; Destruction of Government Property; Theft of Government Property; Restricted Building or Grounds; Aiding and Abetting. Mr. Ochs is alleged to be the leader of a chapter of the Proud Boys organization.;

6. <u>Robert Keith Packer:</u> Knowingly entering or remaining in any restricted building or grounds without lawful authority and violent entry or disorderly conduct on Capitol grounds. Mr. Packer is seen in a widely distributed photograph wearing a "Camp Auschwitz" sweatshirt.;

7. <u>Matthew Council:</u> Knowingly entering or remaining in any restricted building or grounds without lawful authority and violent entry and disorderly conduct on Capitol grounds. According to the USDOJ website, Council unlawfully entered the Capitol building and, **when stopped by law enforcement, he pushed an officer**. Mr. Council was released on a personal recognizance bond

after his initial appearance in the Middle District of Florida.;

8. <u>Jenny Cudd:</u> Obstructing an Official Proceeding; Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building; Aiding and Abetting;

9. <u>Hunter Allen Emke:</u> Destruction of Government Property; Obstruction of an Official Proceeding; Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building;

10. <u>Simone Melissa Gold:</u> Restricted Building or Grounds; Violent Entry; and Disorderly Conduct;

11. <u>Vaughn Gordon:</u> Entering and Remaining in a Restricted Building; Disorderly and Disruptive Conduct in a Restricted Building; Violent Entry and Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building;

12. <u>Jack Jesse Griffith:</u> Knowingly enter or remain in any restricted building or grounds without lawful authority to do; knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.;

13. <u>Jacob Hiles:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol

Grounds; Parading, Demonstrating, or Picketing in the Capitol Buildings;

14. <u>Jacob Lewis:</u> Entering and Remaining in a Restricted Building; Disorderly and Disruptive Conduct in a Restricted Building; Violent Entry and Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building;

15. <u>Kevin Loftus:</u> Entering and Remaining in a Restricted Building; Disorderly and Disruptive Conduct in a Restricted Building; Violent Entry and Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building;

16. <u>Dominic Madden:</u> Knowingly enter or remain in any restricted building or grounds without lawful authority to do; knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the grounds or in any of the Capitol buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; parade, demonstrate, or picket in any of the Capitol buildings;

17. <u>Steve Omar Maldonado:</u> Restricted Building or Grounds; Violent Entry or Disorderly Conduct, and parade, demonstrate, or picket on Capitol Grounds. (Mr. Maldonado was released after his initial appearance in the Middle District of Florida.)

18. <u>James Allen Mels:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds;

19. <u>David Charles Mish, Jr</u>.: Unlawful entry on restricted buildings or grounds; violent entry and disorderly conduct on Capitol grounds;

20. <u>Rachael Lynn Pert:</u> Unlawful Entry on Restricted Building or Grounds; Violent entry and disorderly conduct on Capitol Grounds. Ms. Pert was released after her initial appearance in the Middle District of Florida.;

21. <u>Christine Priola:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds; Unlawful Activities on Capitol Grounds, Parades, Assemblages and Display of Flags;

22. <u>Blake A. Reed:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds;

23. <u>Mark Simon:</u> Restricted Buildings or Grounds; Unlawful Activities on Capitol Grounds;

24. <u>Jeffrey Alexander Smith:</u> Violent Entry and Disorderly Conduct on Capitol Grounds; Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;

25. <u>Michael Stepakoff:</u> Entering and Remaining in a Restricted Building; Disorderly and Disruptive Conduct in a Restricted Building; Violent Entry and Disorderly Conduct in a Capitol Building; Parading, Demonstrating, or Picketing in a Capitol Building. Mr. Stepakoff was ordered released on conditions after his initial appearance in the Middle District of Florida.;

26. <u>Brandon Straka:</u> Impeding a law enforcement officer during civil disorder; knowingly entering and remaining on restricted

grounds without lawful authority and/or engaging in disorderly conduct within proximity to a restricted building to impede official functions; engage in disorderly conduct with intent to disturb a hearing before Congress;

27. <u>John Herbert Strand</u>: Restricted Building or Grounds; Violent Entry and Disorderly Conduct;

28. <u>Marissa A, Suarez:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds;

29. <u>Patricia A. Todisco</u>, Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds;

30. <u>Bradley Weeks:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds. Mr. Weeks was ordered released after his initial appearance in the Middle District of Florida.

31. <u>Riley June Williams:</u> Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; Violent Entry and Disorderly Conduct on Capitol Grounds; and

32. <u>Dana Joe Winn</u>: Unlawful Entry on Restricted Building or Grounds; Violent entry and disorderly conduct on Capitol Grounds. Mr. Winn was released after his initial appearance in the Middle District of Florida.

Clearly there is substantial precedent for the pretrial release of individuals charged as the result of actions alleged to have been taken by them on January 6th, 2021 in the nation's capital.

Based on an application of the facts presented in this matter, both in this request and those to be presented at hearing before the court, to the applicable law, there exist a virtual cornucopia of release conditions this court can impose on Mr. Meggs sufficient to rebut any presumption that he may pose a serious risk of flight or danger to the community.

The undersigned has conferred with Assistant United States Attorney William Hamiltom, Esq., who asserts the government's position is that Mr. Meggs should be detained.

RESPECTFULLY SUBMITTED,

/s/ David Anthony Wilson
DAVID ANTHONY WILSON
201 S.W. 2nd Street, Suite 101
Ocala, FL 34471
(352) 629-4466
david@dwilsonlaw.com
Trial Attorney for Defendant
Florida Bar No: 0983675

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the

following: Office of the United States Attorney.

                                                <u>/s/ David Anthony Wilson</u>
                                                DAVID ANTHONY WILSON